UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**ROBERT R. SANDERS**                                                                                           **PLAINTIFF**

v.                                                                             **CIVIL ACTION NO. 4:24-CV-P38-JHM**

**DEPUTY WHITAKER et al.**                                                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Robert R. Sanders, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff is a pretrial detainee at Henderson County Jail (HCJ). He sues HCJ Deputy Whitaker in his individual and official capacities and Deputies Parrish and Clevidance Toman in their official capacities.

According to the complaint, Plaintiff arrived at HCJ on February 11, 2024, from an Illinois correctional center. He states that he was refused copies of his legal mail he brought with him, which was kept with his property and not in his possession at that time. Plaintiff states that he made multiple requests for copies of his legal work. On February 22, he was told, apparently by Whitaker, that "booking" had already given him the legal paperwork he was allowed to have but that he never received anything until later. He also states that on February 26, Whitaker told him that "intake legal paper work is not scanned to the tablet," and that legal mail mailed to HCJ is opened in the prisoner's presence and then scanned to the tablet. Plaintiff alleges that this practice

is a constitutional violation because it provides HCJ "the option to read . . . your lawyer privilege mail."

Plaintiff states that after he made another request for his legal work from his property, Toman told him that he had "no idea what I was talking about and that my legal mail could not be scanned to the tablet and [for] any copies I need I would have to have money on my account." He states that it took almost a month to provide some of his paperwork "in which deputy Whitaker pulled out what he wanted me to see." And he states that he requested to retrieve his lawyer's number from this legal work, he was told that he had to resubmit that request to "property."

Plaintiff further alleges that he was told that because he had no money in his account he could not get copies until he asked for a § 1983 form. He states that he made Whitaker aware that he needed a motion out of his "property," but only after he requested a § 1983 form was he told that he could request that the motion he sought be pulled out of his property. By April 2, Plaintiff had received most of his legal mail he arrived with, but he told Parrish, there were items still missing.

Plaintiff alleges that Whitaker and Toman were negligent in handling his legal work in violation of his due process right. He further alleges that his right to defend himself and work on his legal case was hindered due to the refusal to give him his legal property; that "letters from my lawyer and motions were read without my consent;" and that his request for a § 1983 form was delayed.

As relief, Plaintiff requests monetary and punitive damages and for Defendants to be fired or reprimanded.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Deprivation of property

To the extent that Plaintiff asserts a Fourteenth Amendment procedural due process claim for deprivation of property, such a claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. *Id.* at 541.

If an adequate post-deprivation remedy exists, the deprivation, although real, is not without due process of law. *Id*. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Here, Plaintiff alleges that Whitaker and Toman were negligent in handling his legal work kept with his property in violation of his due process right. He does not claim that the deprivation was an authorized act and, therefore, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). This Plaintiff does not do. "Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action." *Hubbard v. Beck*, No. 2:22-CV-223, 2022 WL 17687998, at *7 (W.D. Mich. Dec. 15, 2022) (citing *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985)). Additionally, the Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The Court will, therefore, dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Legal mail

According to Plaintiff, legal mail sent to HCJ is opened in the prisoner's presence and then scanned to the tablet. Plaintiff alleges that this procedure is a constitutional violation because it provides HCJ "the option to read . . . your lawyer privilege mail."

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). However, "[p]rison officials may, of course, impose restrictions that are 'reasonably related' to the prison's security needs or other 'legitimate penological objectives.'" *Id*. (citation omitted). "[P]rison officials may open prisoners' incoming

4

mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). As the Sixth Circuit has explained, "The Supreme Court and this Circuit have repeatedly held that a prisoner has some First Amendment rights to receive mail, subject to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). The Sixth Circuit has held that "'blatant disregard' for mail handling regulations concerning legal mail violates constitutional protections." *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (citation omitted). However, "isolated instances of interference with prisoners' mail" do not rise to the level of a constitutional violation under the First Amendment. *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000)

Here, Plaintiff does not allege that any legal mail arriving for him at HCJ was read outside his presence. Nor does he allege a "'blatant disregard' for mail handling regulations." *Merriweather*, 569 F.3d at 317.

Plaintiff also appears to argue that the legal work he arrived with must have been read outside of his presence because Whitaker refused his request for his legal work "by saying that I was provided with all paperwork that I came in with that I was entitled to have by booking." Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted). Here, Plaintiff's speculation that Whitaker must have read his legal work does not suffice to state a claim.

### C. Substantive due process

As to the possibility that Plaintiff intends to raise a substantive due process claim, "[p]risoners do not have independent substantive due process interests in their legal mail." *Zeune.*

5

*v. Mohr*, No. 2:14-CV-153, 2015 WL 6468541, at *5 (S.D. Ohio Oct. 27, 2015) (citing *Banks v. Sheldon*, No. 3:13-cv-00020, 2013 WL 1947166 at *4 (N.D. Ohio May 9, 2013)), *report and recommendation adopted*, No. 2:14-CV-153, 2015 WL 7454672 (S.D. Ohio Nov. 23, 2015). "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty[.]'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). In prisoner legal mail cases the First Amendment provides the source of substantive constitutional protection, *see Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010), and Plaintiff's substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

### D. Access to court

Plaintiff alleges that he was denied additional copies of his legal work pertaining to his defense, hindering him from preparing his criminal case in front of Henderson Circuit Court Judge Karen Wilson. However, it is clear from the complaint that Plaintiff is represented by counsel in his state court case.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Cox v. Jackson*, 579 F. Supp. 2d 831, 849 (E.D. Mich. 2008) ("'The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment,'" as well as from the Privileges and Immunities Clause of Article

IV.") (citations omitted). The Sixth Circuit has consistently ruled that an inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991) (per curiam); *Holt v. Pitts*, 702 F.2d 639 (6th Cir. 1983) (per curiam) ("By [plaintiff's] own admission, it is clear that counsel was appointed to represent him in both federal and state actions pending against him. As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the courts."); *Taylor v. Luttrell*, No. 06-2522-AN/V, 2008 WL 4065927, at *6 (W.D. Tenn. Aug. 27, 2008) ("The only lawsuit mentioned in the complaint is Plaintiff's criminal case, in which he was represented by counsel. Therefore, Plaintiff's right of access to the courts has been satisfied as a matter of law."). The Court will dismiss this claim for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: August 5, 2024

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009